GEORGE L. SANFORD vs. RICHARD A. PECK AND OTHERS.

New Haven & Fairfield Cos., Oct. T., 1893. ANDREWS, C. J., CARPENTER, TORRANCE, FENN and BALDWIN, JS.

In all actions demanding damages the complaint should be such as to fairly and reasonably apprise the defendant of the grounds upon which the damages are claimed; and the plaintiff should be confined in his evidence to the grounds so stated.

Accordingly where the complaint simply alleged a conversion by the defendants of the plaintiff's goods which had been delivered to the former as warehousemen for storage, it was held, that the plaintiff could not recover damages for injury to the goods prior to the conversion, although attributable to the defendants' negligence.

Evidence of the prices obtained for goods sold at auction is admissible as tending to prove the fair actual value of the goods.

The competency of such evidence does not depend upon the form, mode, or particular terms of the contract of sale, though these may have an essential bearing on the weight to be given to the fact of sale as affecting the price, and as indicating the value of the property.

The expressions "actual value," "market value," or "market price," mean the price or value of an article established or shown by sales, public or private, in the way of ordinary business.

[Argued October 24th—decided December 13th, 1893.]

ACTION to recover damages for the conversion of certain furniture and household goods delivered to the defendants for storage in their warehouse ; brought to the Superior Court in New Haven County, and tried to the jury before *George W. Wheeler, J.;* verdict and judgment for the plaintiff, and appeal by the defendants for alleged errors in the rulings and charge of the court.

The case is sufficiently stated in the opinion.

*Henry Stoddard* and *Samuel A. York, Jr.,* for the appellants (defendants).

1. The court erred in refusing to charge that there could be no recovery in this case for damage done to the plaintiff's goods by moths. On the cause of action set up by the plaintiff he is not entitled to recover for the depreciation in the value of his property. His claim, as set forth in a. single count, is for the conversion of his property by the defendants. No suggestion of any other cause of action appears, much less any allegation which would entitle him to such damages. If there has been any such negligence, as claimed, on the part of the defendants, it is no part of the conversion sued for—but a separate and distinct cause of action.

In the recent case of *Ives* v. *Goshen,* 63 Conn., 82, this court said :

" The appellant had alleged one cause of action which the court finds to be groundless. He proves a new and distinct cause of action which he did not allege. If the court, under these circumstances, had granted him the relief which he now seeks, it would have been error, because there is nothing in the pleadings to support such a judgment. It is not enough that a party *proves* facts constituting a cause of action ; he must also have alleged them before he can recover. He can recover only *secundum allegata et probata.*"

In *Taylor* v. *Keeler,* 50 Conn., 346, the court said:

" It is an elementary rule of pleading, that the plaintiff must, in his declaration, give the defendant fair notice of what he claims. * * * Another reason why such certainty as this rule prescribes is required as to the declaration and

the judgment, is that the defendant may plead the judgment in bar to any subsequent suit for the same injury." See also : *Stevens* v. *Church*, 41 Conn., 370; *Plumb* v. *Ives*, 39 id., 127 ; *Treat* v. *Barber*, 7 id., 279.

This being an action for coversion merely, the damages which can be recovered are simply the market value of the property converted, with interest from date of conversion. This is a rule of law. Even though grievances not alleged in the complaint or connected with the cause of action sued on, appear in evidence, they cannot alter the rule of compensation. *Seymour* v. *Ives*, 46 Conn., 109 ; *Hurd* v. *Hubbell*, 26 id., 389; *Cook* v. *Loomis*, 26 id., 485.

2. The court erred in excluding evidence of what the plaintiff's•goods brought at the auction sale, and that said goods were sold upon full competition, and that a large number of persons were present at said sale, and that the bidding was sharp, that the amount received for them was their fair value, and that generally the property sold at said auction brought its fair market value.

This evidence was offered as tending to prove the market value of the property sued for. Market value is the price for which an article in question will sell and to make a market value there must be buying and selling. It is not an arbitrary sum fixed upon by an owner, but an estimate of what property will sell for, based upon the prices which the same or similar goods sell for in the market. *Abbott* v. *Wyse*, 15 Conn., 254; *Kent* v. *Whitney*, 9 Allen, 62 ; *Brigham* v. *Evans*, 113 Mass., 538 ; *Campbell* v. *Woodworth*, 20 N. Y., 499; *Croak* v. *Owens*, 121 Mass., 128; *Gill* v. *McNamee*, 42 N. Y., 44 ; *Crounse* v. *Fitch*, 14 Abb., 346 ; *Wilson* v. *Holden*, 16 id., 133 ; *Knickerbocker Life Ins. Co.* v. *Nelson*, 78 N. Y., 145 ; *Parmenter* v. *Fitzpatrick*, 135 id., 190 ; *Bigelow* v. *Legg*, 1 Silvernail, 32; *Hutchinson* v. *Poyer*, 78 Mich., 340 ; *Byer* v. *Rosenthal*, 45 id., 588 ; *Jennings* v. *Prentice*, 39 id., 421 ; *Smith* v. *Mitchell*, 12 id., 191; *March* v. *Portsmouth & Concord R. R.*, 19 N. H., 372; *Thornton* v. *Compton*, 18 id., 20 ; *Roberts* v. *Dunn*, 71 Ill., 46 ; *Willamet Falls C. & S. Co.* v.

*Kelly,* 3 Oregon, 99 ; 2 Sutherland on Damages, 376 ; Sedgwick on Damages, 502.

*Charles S. Hamilton* and *Samuel C. Morehouse,* for appellee (plaintiff).

1. The defendants complain first, that " the court erred in refusing to charge that there could be no recovery in this case for damage done to said goods by moths."

This was a request of the defendants to charge the jury, and while the court did not charge the jury in the specific terms of the requests of either the plaintiff or defendants, yet the court fully covered the grounds of their requests in his charge.

The court in his charge stated, " so if goods in the hands of a bailee are damaged by vermin, rats, etc., without fault of the bailee, the bailee is not responsible for damage so done, without his fault, and if this happens through his fault in the care and keeping of the goods, the bailee is liable."

This was a correct statement of the law. *Thomas* v. *Boston & Providence R. R. Co.,* 10 Metc., 472; *Lamb* v. *Western R. R. Co.,* 7 Allen, 98 ; *S. C.,* 43 Am. Dec. 444; *Cass* v. *Boston & Lowell R. R. Co.,* 14 Allen, 448 ; *Gay* v. *Bates,* 99 Mass., 263 ; *Aldrich* v. *Boston & Worcester R. R. Co.,* 100 Mass., 31 ; *S. C.,* 1 Am. Rep. 76 ; *Lane* v. *Boston & Albany R. R. Co.,* 112 Mass., 455 ; *Roberts* v. *Gurney,* 120 Mass., 33 ; *Smith* v. *Blood,* 9 Wend., 268 ; 24 Am. Dec., 145 ; *Jones* v. *Morgan,* 90 N. Y., 4.

2. There was no error in excluding the evidence of what the plaintiff's goods brought at the auction sale.

There are two kinds of sales :—One where it is understood that neither buyer nor seller will act until there is an agreement about price and this is the regular course of business. The other where it is understood that the seller is bound to dispose of the goods without regard to the market price and to the highest bidder for cash, and this is the auction sale.

This distinction is shown in section 3831 of the General Statutes, which states the difference between the fair market value of property and its value at a forced or auction sale.

There are also two kinds of auction sales:—One which is conducted by the owner of the property and one which is conducted by a stranger to the ownership.

In the case at bar we have an auction sale of the second class in that it was conducted by the defendants without the knowledge, presence or authority of the owners of the goods. *Jones* v. *Morgan*, 90 N. Y., 4; Rice on Evidence, vol. II, p. 1307; Am. & Eng. Encyc. of Law, vol. 14, page 467, (article "markets") and cases cited; *Molton* v. *Newburyport Water Co.*, 137 Mass., 167; *Lawrence* v. *Boston*, 119 Mass., 126; *Cobb* v. *Boston*, 112 Mass., 181; *L. R. Junction Railway* v. *Woodruff*, 49 Ark., 381–390; *Everett* v. *Union Pacific R. R. Co.*, 59 Iowa, 243; *Gt. Western R'y Co.* v. *Redmayne*, 1 L. R. C. P., 329; *Boom Co.* v. *Patterson*, 98 U. S., 403; Am. & Eng. Encyc. of Law, vol. 5, article " Damages," page 38 and on, and cases cited; Sutherland on Damages, vol. I, page 798.   Household furniture has no market value really.   *Jones* v. *Morgan*, 90 N. Y., 11.

But the defendants were in no way injured by its exclusion ; as the record says " but (the court) admitted proof of the fair market value of the goods at the time of the auction sale from the opinions of purchasers and persons present."

Thus we find that the court allowed the defendants to call any and all of these bidders, highest or lowest, who were present at the auction sale.   Under this ruling the defendants brought in as many persons and purchasers who were present as they chose, to testify as to the value of the goods. The testimony of these witnesses was given under oath and they were subjected to cross-examination.   What course could be fairer, what could be more just than this to all the parties in the cause?   Surely this was the competent evidence and the defendants were in no way prejudiced or damaged in fact by the ruling of the court.

ANDREWS, C. J.   The defendants are warehousemen, doing business at New Haven, and as such had in their possession a large amount of merchandise, mostly household furniture, belonging to the plaintiff.   On the 5th day of August, 1892,

the plaintiff demanded said merchandise of the defendants, but they neglected and refused to deliver it to him. Thereupon he brought this action. The cause was tried in the Superior Court upon issues joined to the jury and seems to have been contested with great stubbornness. A great many rulings were made in respect to the admission of testimony and the instructions to the jury, and exceptions were taken. There was a verdict for the plaintiff. The defendants bring the case here by appeal. Of the rulings made and the instructions given we feel it necessary to discuss only two.

Among the merchandise so in the possession of the defendants were carpets and sundry articles of upholstered furniture. The plaintiff at the trial claimed that these had been so carelessly kept by the defendants that they had been attacked by moths and very greatly injured, and asked the court to instruct the jury that the defendants were liable for such actual damage as they should find was thereby caused to the plaintiff's goods. The court did so instruct the jury. This, we think, was error. There is nothing in the complaint to indicate that the plaintiff would ask to recover damages of the defendants for any want of care on their part in this respect. And without such an averment there could be no recovery. The third paragraph of the complaint alleges that "the defendants did not take due and proper care of a portion of said merchandise, and so carelessly kept such portions as that they lost the means of identifying the same, and converted it to their own use; and the defendants sold the remainder of said merchandise without authority from the plaintiff for their own benefit, and so converted the same to their own use." It is true that warehousemen must use ordinary care to preserve merchandise in their hands from injury and are liable in damages for any injury caused by an omission to use that degree of care. But when damages are sought in an action against warehousemen for such a want of care the complaint must contain averments which fairly and reasonably apprise them that that claim is to be made. 1 Chitty's Pleadings, 255; *Taylor* v. *Keeler*, 50 Conn., 346. The present complaint does not do so. This complaint

charges a conversion by the defendants of the plaintiff's merchandise, and a conversion alone. No other cause of action is set out. So much of the complaint as avers any want of care by the defendants is quoted above. It says, indeed, that the defendants did not take due and proper care of a portion of the merchandise. It does not say that by reason of such want of care the merchandise was injured, but that thereby the defendants lost the means of identifying that portion of the merchandise and so converted it to their own use. The paragraph then goes on to say that the defendants sold the remainder of the merchandise for their own benefit, and in that way converted that portion to their own use. That is to say, the defendants are charged with converting one portion of the merchandise by losing the means of identifying it and the remainder by a sale. Upon that complaint the plaintiff was not entitled to recover for any injury happening to his furniture previous to the conversion. *Ives* v. *Goshen*, 63 Conn., 82.

The defendants admitted selling the merchandise of the plaintiff. They said they had sold all of his merchandise which they had in their possession. They claimed to have done so by virtue of a special contract between themselves and the plaintiff, according to which they had the right to sell the merchandise upon notice if the charges thereon were not paid; and they claimed that such charges were not paid by the plaintiff and that thereupon they gave notice of their intention to sell, and did sell all said merchandise at an auction; and that out of the money received from such sale they paid themselves their charges and expenses and the balance they offered to return to the plaintiff. The plaintiff denied any such contract. He claimed, on the other hand, that he had offered to pay all charges on said merchandise, and denied that he had ever had any notice from the defendants that they intended to sell the same to pay such charges. These claims were submitted to the jury with appropriate instructions. Upon this part of the case the court instructed the jury that if they found the claim of the plaintiff to be true, that then the defendants would be liable for the fair actual

value of the goods at the time of the conversion, with interest from that date. It is conceded that this instruction was correct. To prove what the fair actual value of the merchandise was at the time of the conversion the defendants offered evidence of what the goods brought at the auction. In connection with such evidence the defendants offered to prove that the auction was extensively advertised, was attended by a large number of persons, that there was full and active competition among the buyers and that the bidding was sharp and lively, and that at the auction sale the property generally, not only that of the plaintiff but that of others, brought its fair market value. The plaintiff objected to this evidence and the court excluded it.

It seems to us that this evidence should have been admitted. The expressions actual value, market value, or market price, when applied to any article, mean the same thing. They mean the price or value of the article established or shown by sales public or private in the way of ordinary business. Century Dictionary; Anderson's Law Dictionary; *Murray* v. *Stanton*, 99 Mass., 348; *Cliquot's Champagne*, 3 Wallace, 114.

It appears from the finding that the court, while excluding the evidence of what the goods of the plaintiff actually brought at the sale, " admitted proof of the fair market value of the goods at the time of the auction, from the opinion of purchasers and persons present." The latter proof being admitted it is not easy to perceive why the former was excluded. The opinion of a witness as to the fair market value of a commodity must be formed from sales of some kind, otherwise the opinion could not be of the *market* value. The opinion of the persons present at the auction as to what was the fair market value of the goods there sold would almost inevitably be formed in part, if not wholly, from the price which the articles brought at that sale. It would seem that the jury could better judge of the fair actual value of the goods by knowing the exact price which they brought than by depending upon the opinion of witnesses as to what they ought to have brought. An auction sale such as the defend-

ants claimed this one to have been, is a much more certain guide to the fair actual value of the goods sold than the opinion of any witness. "A sale is a matter of fact, not of opinion, and is direct evidence of the real worth of the thing sold. Indeed the price for which an article is bought and sold constitutes its market value and is ordinarily the best and most satisfactory standard by which to estimate the amount at which the same or similar articles are to be appraised in the assessment of damages. The competency of such evidence cannot be made to depend on the form or mode or particular terms of the contract of sale. These circumstances may have an essential bearing on the weight to be given to the fact of sale as affecting the price and as indicating the par value of the property, and they are proper for the consideration of the jury, but they cannot operate to exclude the evidence altogether. In many cases a sale by auction would furnish very strong if not decisive evidence of value." *Kent* v. *Whitney*, 9 Allen, 62; *Campbell* v. *Woodworth*, 20 New York, 499; *Hutchinson* v. *Poyer*, 78 Mich., 340. Such sales are ordinarily a fair test of value, the inference being a reasonable one and according to common experience that competition among purchasers will carry the price up to the real worth of the property sold.

The other rulings made in the case require no attention.

There is error and a new trial is granted.

In this opinion the other judges concurred.