## The Devinne Hallenbeck Company, Incorporated, *vs.* The Autoyre Company.

Third Judicial District, New Haven, January Term, 1931.

Maltbie, C. J., Haines, Hinman, Banks and Avery, Js.

Argued January 21st—decided April 6th, 1931.

*Philip N. Bernstein* and *Harry F. Spellman,* for the appellant (plaintiff).

BANKS, J. The defendant is a manufacturer of porcelain bathroom fixtures and had on hand twenty-four hundred and eighty cardboard display screens which pictured its fixtures, and were intended to be placed in the windows of retail stores which sold such fixtures, for advertising purposes. The defendant had discontinued the line of fixtures which were pictured on these screens, and entered into an agreement with the plaintiff, which is in the business of lithographing and printing display signs, by which the latter agreed to prepare a lithograph of a new line of fixtures manufactured by the defendant, to be placed over and cover the pictures of the discontinued line of fixtures upon the display screens, at the agreed price of 95 cents for each screen. The plaintiff performed its work upon the screens in accordance with the contract, and shipped two hundred of them to the defendant which were received in good condition. The defendant paid the plaintiff $1767 on account of the contract price, and the plaintiff thereupon shipped the balance of the screens to the defendant. The plaintiff brought this action to recover the balance of the contract price, $589, and the defendant filed a counterclaim alleging that the screens were so carelessly and negligently packed by the plaintiff that eight hundred and two of them were unfit for use and of no value to the defendant. The court found this issue in favor of the defendant and rendered judgment awarding it damages upon the counterclaim.

The agreement provided that the screens were to be packed in individual containers if the defendant desired, or shipped in cases to be packed as desired at plaintiff's factory. No packing instructions were given

by the defendant, and the plaintiff packed the screens in wooden cases, one hundred and fifty screens in each case. At the top of the panel of the screen containing the advertising matter was the head of a woman cut out of the pasteboard. As the screens were packed there was an appreciable amount of space between the ends and sides of the screens and the ends and sides of the cases in which they were packed, which permitted the screens to shift back and forth while in transit, with the result that eight hundred and two of them were damaged about the head. The contract provided for the delivery of the screens f. o. b. New York, and they were there delivered to the defendant's carrier which gave the plaintiff a receipt for the number of cases therein set forth in good order. The carrier did not know the contents of the cases nor the manner in which they were packed.

The plaintiff seeks numerous corrections of the finding, and has had the entire evidence certified. A careful examination of the evidence fails to disclose that the court found any material facts without evidence, or refused to find any admitted or undisputed fact. In a bailment, when work and labor are to be performed upon the property delivered to the bailee, one of the implied obligations of the contract is that the bailee shall exercise ordinary care and skill adequate to the proper performance of the work. If the work is not properly done, the bailor may sue on the contract, or, if the article is damaged so as to have lost its value, he may sue in tort to recover its value. *Douglass* v. *Hart*, 103 Conn. 685, 690, 131 Atl. 401. Proper packing of the screens for shipment back to the defendant was within the obligation assumed by the plaintiff, and the finding by the court that the screens were improperly packed is a finding of a breach

of duty on the part of the plaintiff. Nor is such finding inconsistent with the subordinate facts found. That the damage might have been caused by something other than the shifting of the screens in transit does not permit us to say that the court's finding that such was the cause was not justifiably made upon the evidence. The acknowledgment of the receipt of the cases by the defendant's carrier in apparently good condition did not shift to the carrier the responsibility for the damage resulting from the improper packing, when the latter had no knowledge as to how the screens were packed, and there was nothing in the situation to indicate that it ought to have known. 10 Corpus Juris, p. 120, § 145. The rule invoked by the plaintiff that, where goods are delivered to a carrier in good condition and arrive at their destination in damaged condition, the burden is upon the carrier to show that the damage did not arise from its negligence, is not applicable to the facts of this case.

Error in the court's assessment of damages is assigned in several of the reasons of appeal, also error in the admission of evidence offered to prove the value of the damaged screens. The finding is defective in that it fails to set forth the conclusions reached by the court, and the measure of damages adopted by the court does not expressly appear in the finding. The court found that the screens, before they were shipped to the plaintiff, were of the value of $2.09 each. The amount to be paid to the plaintiff for its work upon them was 95 cents each, and the amount of the judgment was $2408.08 with interest. At a valuation of each screen at $3.04 ($2.09 plus 95 cents) the value of the eight hundred and two screens would be $2,-408.08, the amount of the judgment, less interest, and it cannot be questioned that the court awarded

the defendant as damages the full value of the screens before they were damaged, arrived at in the method indicated. The plaintiff claims that it was the duty of the defendant to minimize its damage, and that the screens could have been repaired at comparatively small expense so that they would have been reasonably fit for their intended use. The court found that the screens were of an artistic design, so made that any change therein, especially in the form of the woman's head, which was indented to correspond with the waves of her hair, would destroy its symmetry, so that the whole effect of the display would be very unsightly, and that the damaged screens were of no value to the defendant and could not be repaired in any way which would render them of value to it. These findings are attacked, but were supported by oral evidence, one of the damaged screens was an exhibit in the case, and the finding must stand. The screens having been damaged so as to have lost their value to the defendant, it is entitled to recover such value in this action. *Douglass* v. *Hart, supra.*

The only evidence before the court as to the value of the screens before they were shipped to the plaintiff was that of the defendant's purchasing agent, who testified that the original cost of the screens was $2.09 each. This evidence was objected to, and its admission is assigned as error. The cost of an article is ordinarily some evidence of its value. The remoteness of the time of its purchase, and other circumstances attending it, may be such as to deprive the evidence of any real probative value. On the other hand, when the article has no market value its cost may be the only evidence of value available. The admission or rejection of such evidence in view of the circumstances attending its offer, is within the legal discretion of

the trial court. *Rosenstein* v. *Fair Haven & W. R. Co.*, 78 Conn. 29, 60 Atl. 1061; *Filosi* v. *Crossman*, 111 Conn. 178, 185, 149 Atl. 774; *Murray* v. *Postal Telegraph-Cable Co.*, 210 Mass. 188, 96 N. E. 316; 22 Corpus Juris, p. 184, § 140. The court did not err in admitting this evidence.

The award of damages to the defendant is apparently based upon a valuation of the screens, prior to the damage, at $3.04 each, being the cost price of $2.09 plus 95 cents, the agreed price of the work done by the plaintiff. It is admitted that there is an unpaid balance of $589 due the plaintiff for the work done under its contract, and that the trial court should have credited that amount upon the damages awarded to the defendant under its counterclaim. But, aside from that, the plaintiff claims that the court erred in awarding the defendant damages upon the basis of a valuation of the screens at $3.04 each.

It is agreed that the screens, which were specially made up for the defendant for advertising purposes, had no market value. The court found that they were of no value except for such purpose. The defendant in its brief concedes that they had no intrinsic value. At the time they were shipped to the plaintiff they displayed a line of fixtures which had been discontinued by the defendant. It would seem quite obvious that in their then condition their value as an advertising medium was nil. The new lithograph placed upon them by the plaintiff, advertising the new line of fixtures, presumably restored, to some extent at least, their original value for advertising purposes. If the plaintiff's work upon the screens, making them again available for advertising purposes, completely restored their original value of $2.09, the defendant would be entitled to recover upon its coun-

terclaim upon that basis, less, of course, the unpaid balance of $589 upon its contract. The court has not expressly found how much the plaintiff's work upon the screens added to their value, and has not found the value of the screens after the plaintiff's work upon them was finished, though, as already noted, the award of damages is based upon an apparent valuation of $3.04 each. The facts found would not support a conclusion that such was their value, and therefore do not support the judgment.

There is error, the judgment is set aside and a new trial ordered, limited to the assessment of damages upon the defendant's counterclaim.

In this opinion the other judges concurred.