STATE OF CONNECTICUT *v.* FERDINAND FRILANDO

COTTER, C. J., BOGDANSKI, PETERS, HEALEY and PARSKEY, Js.

Argued October 15—decision released December 2, 1980

*Bruce A. Sturman,* assistant public defender, with whom, on the brief, was *Jerrold H. Barnett,* public defender, for the appellant (defendant).

*Richard F. Jacobson,* assistant state's attorney, with whom, on the brief, were *Donald A. Browne,* state's attorney, and *Jonathan C. Benedict,* assistant state's attorney, for the appellee (state).

COTTER, C. J. On this appeal the defendant challenges his conviction on two counts of larceny in the third degree as set forth in the substitute information. He was also convicted of two counts of burglary. He attacks the validity of the conviction in the Perine larceny, the first count in the information, claiming that the state failed to prove beyond a reasonable doubt "that the value of the goods taken exceeded $50.00." He also claims that the court erred in failing to instruct the jury on the method of determining the value of the property he took from the homes of the victims Perine

and McDonough. See General Statutes § 53a-121 (a) (1). The sentences imposed on the four counts run concurrently.

The evidence offered as to the Perine personal property consisted of five rings, two necklaces, one set of earrings and one gold stud earring. Whitcliff Gill, a professional jeweler of some twenty years of experience, appraised each of these items individually and testified that in his opinion the total fair market value as of the end of November 1978 was $735. The individual appraisals ranged from a three strand necklace valued at $250 to a gold stud earring valued at $5 and included Mrs. Perine's dinner ring valued at $175. He also testified that as of December 28, 1977, the date of the larceny, the valuation would have to be reduced by 20 percent or to a total of $588 to account for the fluctuation in the price of gold. He felt that based upon his twenty years of experience he could determine the value of a piece of jewelry by just looking at it. This testimony, if believed, was sufficient to establish that the value of the items stolen far exceeded $50, the flash point for larceny in the third degree. To hold otherwise is to defy both common sense and legal reasoning. The process of valuation at best is a matter of approximation. *National Folding Box Co.* v. *New Haven,* 146 Conn. 578, 586, 153 A.2d 420 (1959).

The evidence introduced as to the McDonough personal property, which is the subject of the fourth count of the information, satisfied the burden of proof necessary for a conviction. The testimony of the owner as to the cost of a television set purchased about a week before the larceny can be considered evidence of its value. *State* v. *Baker,* 182

Conn. 52, 63, 437 A.2d 83 (1980); *Devinne Hallenbeck Co.* v. *Autoyre Co.,* 113 Conn. 97, 101, 154 A. 170 (1931); see *Filosi* v. *Crossman,* 111 Conn. 178, 185, 149 A. 774 (1930). The aggregate value of the items taken from the McDonough residence exceeded $50. General Statutes § 53a-124 (a) (1).

We reject the defendant's second claim of error. "The expressions actual value, market value, or market price, when applied to any article, mean the same thing. They mean the price or value of the article established or shown by sales public or private in the way of ordinary business." *Sanford* v. *Peck,* 63 Conn. 486, 493, 27 A. 1057 (1893); see also *National Folding Box Co.* v. *New Haven,* supra, 584. Thus the omission of the statutory definition of "value" from the charge could not have reasonably misled the jury especially since the expert witness phrased his appraisal in terms of that definition—"the market value . . . at the time and place of the crime." *State* v. *Baker,* supra, 64; *State* v. *Rose,* 169 Conn. 683, 688, 363 A.2d 1077 (1975). Because the charge as given did not deprive the defendant of a fundamental right or a fair trial, his failure to ask for an instruction on the statutory definition of "value" or to take exception to its omission leads us to find no error. *State* v. *Baker,* supra.

There is no error.

In this opinion PETERS, HEALEY and PARSKEY, Js., concurred.

BOGDANSKI, J. (dissenting in part). I agree with the majority opinion with regard to the convictions on two counts of burglary but not with regard to the larceny convictions. It is well settled that the jurors are the triers of the facts. In resolving

what the facts are, the jury are guided by the law as enunciated by the court. See *State* v. *LaFountain,* 140 Conn. 613, 621, 103 A.2d 138 (1954). It is therefore incumbent upon the court to give all necessary instructions so that the jury may decide the case.

In the crime of larceny, value is an essential element so far as the degree of larceny is concerned. *State* v. *Jacquith,* 272 N.W.2d 90, 92 (S.D. 1978). Failure to prove value, if we assume that all the other elements are proven, results in a finding of larceny in the fourth degree.[1] The difference, as determined by proof of value, is that between a class C misdemeanor and a class B felony. Its proof determines whether the defendant will be sentenced to years or to months.

Since value plays such a significant role in the prosecution of larceny crimes it is essential that the jury be given some guidelines by which they can make their determination. The guidelines to be used are mandated by the legislature in General Statutes § 53a-121 (a) (1). Value is to be proven by the market value at the time and place of the taking. If that cannot be satisfactorily ascertained, then replacement value may be used. The word "shall" connotes that the obligation is mandatory, as opposed to permissive. *Sullivan* v. *Liberty Mutual Fire Ins. Co.,* 174 Conn. 229, 233, 384 A.2d 384 (1978). The trier of fact must follow the guidelines of the statute.

---

[1] Section 53a-121 (a) (3) of the General Statutes provides that "[w]hen the value of property . . . cannot be satisfactorily ascertained pursuant to the *standards* set forth in this section, its value *shall* be deemed to be an amount less than fifty dollars." (Emphasis added.)

Market value has been defined as the price a well-informed buyer would pay to a well-informed seller, where neither is obliged to enter into the transaction. See *Bridgeport Hydraulic Co.* v. *Town of Stratford,* 139 Conn. 388, 397, 94 A.2d 1 (1953).

An examination of the trial court's charge reveals that it failed to charge as to value as mandated by § 53a-121 (a) (1); that the jury were not told that they were to examine market value or that, if they failed to find market value, they should entertain replacement value. Indeed, they were not told what market value, or replacement value meant, or the difference between them.

The state is obligated to prove each and every element of the crime beyond a reasonable doubt. *In re Winship,* 397 U.S. 358, 90 S. Ct. 1068, 25 L. Ed. 2d 368 (1970). To convict the defendant beyond a reasonable doubt, it is imperative that the court inform the jury of the elements of the crime charged consistent with the law. Without any instructions, the statutory standards set forth in § 53a-121 leads to the conclusion that the jury engaged in speculation as to the element of value. " '[I]nstructions to the jury . . . must be accurate in law, adapted to the issues and adequate to guide the jury in reaching a correct verdict.' *Berniere* v. *Kripps,* 157 Conn. 356, 358, 254 A.2d 496 (1969)." *State* v. *Crowe,* 174 Conn. 129, 134–35, 384 A.2d 340 (1977).

Failure to instruct the jury as to the standard set forth in § 53a-121 resulted in the removal from the jury's consideration of an essential element of the crime.