[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff, Central Transport, Inc. claims that defendant owes plaintiff $3,352.87 for sixty-one transportation freight services rendered by the plaintiff. Defendant, Edward Ochman, d/b/a Edward Ochman Systems, pro se, pleaded insufficient knowledge and left the plaintiff to its proof.
The defendant further alleged by way of counterclaim five counts of damaged merchandise in the total amount of $3,682.30. Plaintiff has denied all five counts of the defendant's counterclaim and has pleaded "payment" by way of a special defense to counterclaim counts four and five.
At trial plaintiff offered an amended complaint alleging $12,241.35 for the aforementioned freight services. Thereupon defendant offered an amended complaint which was in effect an CT Page 2098 amended counterclaim alleging $17,356.22 damages. Neither party provided a credible explanation for the proposed amendments at this late date. Each party voiced objection, prejudice and surprise to the proferred pleading of the adverse party.
The court has carefully considered all of the evidence presented by the opposing parties, plaintiff's seven exhibits and defendant's three exhibits. The court has further observed the witnesses as they testified and has noted their demeanor, expressions, interest in the matter, bias, candor, sincerity and the other indices of truthfulness and credibility.
The court finds from the testimony of plaintiff's witness, George Anderson, local terminal manager of Central Transport, Inc., and plaintiff's Exhibits 1 through 6, that the plaintiff on its complaint should recover the amount of $3,352.87 from the defendant. Any additional charges arising from failure to earn discounts or late payments by the defendant were neither pleaded, proven, agreed upon by defendant or justified in view of defendant's counterclaim. Defendant's claim of over charges on "interline" shipments is also without merit and not proven.
"A carrier is not an insurer of goods entrusted to it as to damage which results from the fault of the shipper, such as improper packaging of the merchandise or the failure to warn the carrier of some condition which requires special care in handling and of which the carrier cannot be presumed to be aware. Devinne Hallenbeck Co. v. Autoyre Co., 113 Conn. 97,100, 154 A. 170; 9 Am.Jur. 711, 480, 865, 728, 729. Nor is it an insurer against damage which results from an inherent vice of the articles shipped. Cassone v. New York, N. H. H.R. Co., supra, 273; New England Fruit Produce Co. v. Hines,97 Conn. 225, 230, 116 A. 243. In such cases, although not an insurer, the carrier still is liable if any negligence on its part has materially contributed to cause the damage. Northwestern Marble Tile Co. v. Williams, 128 Minn. 514, 517,151 N.W. 419; 9 Am.Jur. 818, 664, 865, 728. To escape liability, it is incumbent upon the carrier under the standard bill of lading to prove both that the shipment falls within one of the categories referred to and that no fault on its part contributed to cause the damage. Uniform Domestic Straight Bill of Lading, Contract Terms Conditions, 1(b); New England Fruit Produce Co. v. Hines, supra; Mears v. New York, N. H. H.R. Co., supra." Wells Laundry Linen Supply Co. v. Acme Fast Freight, Inc., 138 Conn. 458, 461, 462 (1952).
The shipper has the burden of proving that his goods were handed to the carrier in good condition and that they were delivered in a damaged condition. If proved, the carrier then has the burden of proving that the shipment falls within one of CT Page 2099 the categories excepted from strict liability and the damage was not caused by its negligence. Wells Laundry Linen Supply Co. v. Acme Fast Freight, Inc., 138 Conn. 458, 462 (1952).
Based on the evidence presented, the court makes the following findings relative to the defendant's counterclaim. First count documented by defendant's Exhibit B and plaintiff's Exhibit 6, Pro 65-201744-0, involved the shipment of a 48" x 48" walnut finish conference cabinet from defendant to the Social Security Administration in Baltimore, Maryland. The top of the cabinet was cracked when received and was not usable. The court finds for the defendant to recover $728.42.
The second count of defendant's counterclaim is more fully explained in defendant's Exhibit C and plaintiff's Exhibit 5, Pro 65-202980-0 and Pro 212855450-1. It involves a shipment of a 72" x 36" changeable letter board from the defendant to the Chief of Naval Operations, Washington, DC. The unit was not accepted by the purchaser as it arrived "punctured and destroyed, and had no salvage value. The court finds for the defendant on this count in the amount of $1,244.32.
The third count of defendant's counterclaim concerns defendant's Exhibit A and plaintiff's Exhibit 7, Pro-283-110058-5. It involves a return shipment of three maps on a pallet from Fort Bragg, North Carolina to the defendant in Bridgeport, Connecticut.
Defendant produced no credible evidence concerning the condition of the goods when delivered to the carrier at Fort Bragg, North Carolina and thus did not sustain his burden of proof that the three maps were delivered to the carrier in North Carolina in good condition.
Defendant further failed to sustain his burden of proof that the shipment arrived at Defendant's business in Connecticut in a damaged condition. Defendant claimed that his assistant, one Martin, signed for the shipment without looking at the Bill of Lading and failed to sign "Damaged and Shortage." Martin was an important if not crucial witness to establish the validity of defendant's claim. However, defendant failed to call Martin or explain his absence. Martin's testimony would have been material and substantial to defendant's claim. The unexplained failure of the defendant to call "Martin" approaches a "Secondino" adverse inference situation. "Martin" was a witness who had peculiar or superior information material to the case which, if favorable, the defendant would produce. Secondino v. New Haven Gas Co., 147 Conn. 672 (1960).
"To recover for damages to goods in transit, a shipper must CT Page 2100 prove delivery to the carrier in good condition. Ideal Plumbing and Heat Co. v. New York, New Haven Hartford Railroad,"143 Conn. 640, 644-45 (1956). Also see C.G.S. 42a-1-202.
The court finds for the plaintiff on Count Three of the counterclaim.
Defendant has failed to prove by a fair preponderance of the evidence his claims of erroneous freight charges, failure to give proper discounts, overcharges, storage charges and claims for interest.
Plaintiff has failed to prove by the same standard of evidence that it is entitled to any more shipping charges than originally claimed or interest.
The defendant did not pursue counts four and five of his counterclaim and the court finds for the plaintiff on each of said counts. Findings for the defendant on counts one and two of the counterclaim allow defendant a set off in the the amount of $1,972.74 as against the plaintiff's award of $3,352.87.
Judgment may enter for the plaintiff in the amount of $1,380.13 together with costs.
BALLEN, JUDGE