Rezin D. Shepherd & another *vs.* George P. Naylor & others.

A bill of lading for a specified number of tons of scrap iron, " marked and numbered as per margin," and concluding " weight unknown to " the master, binds the ship-owner to deliver only so much as is actually shipped.

Action of contract by the owners of the ship R. D. Shepherd against the consignees, to recover freight of iron from Liverpool to Boston, described in the bill of lading as " thirty six tons, fourteen hundred weight and two quarters heavy scrap iron, being marked and numbered as per margin," to be delivered " unto order or assigns, he or they paying freight for the said goods at the rate of twenty shillings per ton of twenty hundred weight, and five per cent. primage, with average accustomed."    The words " weight unknown to " were added at the end of the bill, before the master's signature.

36. 14. 2 cwt.
20 *s.* per ton.
£36. 14. 6.
5 ⅟ 1. 16. 9.
£38. 11. 3.

On the arrival of the ship in Boston, the iron fell short two tons of the weight stated in the bill of lading, and the defendants retained a sufficient part of the freight money to meet the

deficiency. The parties submitted the case to the court upon the facts above stated, with an agreement that if the plaintiffs were concluded by the statement of the number of tons in the bill of lading, and could not be allowed to show that the actual weight shipped fell short of that, the plaintiffs should become nonsuit; but that if the evidence would be competent, the officers of the ·ship would testify that they had always exercised due diligence in the care of the iron, and had delivered all they had ·received; and that if the court should be of opinion that upon such evidence the plaintiffs could maintain this action, judgment should be entered for them.

*A. C. Washburn,* for the plaintiffs, was stopped by the court.

*J. G. King,* for the defendants.

SHAW, C. J. By accepting the iron, the defendants as indorsees of the bill of lading and consignees of the property, tacitly bound themselves to pay the freight stipulated therein. If the plaintiffs are entitled to have their freight paid by any body, the consignees, by having accepted and received the goods, have become the responsible party.

A bill of lading is a contract of great importance in commerce, and is to be construed according to its terms, the subject matter, the nature of the business to which it relates, and the usages under which such business is generally conducted.

In general, the interior condition of goods, packed as usual, and necessarily so, for shipping, cannot be known to the shipmaster receiving them for carriage, and therefore the words " in good order and condition" must be limited to their apparently good order and external condition. It is not unusual to insert in the bill of lading " contents unknown," or some saving clause of like effect. But in *Barrett* v. *Rogers,* 7 Mass. 297, the court held that such must be the reasonable construction, where no such words were used, and therefore held that the receipt and undertaking expressed in a bill of lading are *prima facie* evidence of the quantity, quality and condition of goods received for carriage, but are not conclusive. See also *Clark* v. *Barnwell,* 12 How. 272; *Haddow* v. *Parry,* 3 Taunt. 303.

If it were bar iron in bundles, and the bill of lading expressed

the number of bundles, adding the aggregate weight, probably the ship-owner would be responsible for the number of bundles, because that is visible and easily ascertained, and may identify the shipment, and therefore would be attended to by the ship's agents in receiving it; but the weight would be an immaterial circumstance, not essential to the contract.

Here the shipment was of scrap iron, thirty six tons &c. of scrap iron, " marked and numbered." It is not stated how this iron was packed; but these last words imply that it was in boxes, crates or other packages capable of being enumerated and designated by marks. And the words " weight unknown" are significant. It is said however that they are repugnant, and therefore to be rejected. But that is not the necessary construction; they may be used to modify and control the admission of weight. The ambiguity, if there be any, is a patent one, and must be removed by taking every clause and word in the contract, as they apply to the subject matter; they are to be construed together, and reconciled as far as possible, so as to extract from them the true meaning and intent of the parties. Thus taken together and construed, we think the bill of lading means, " a quantity," or " parcel," or " lot" of scrap iron, " estimated at," or " about" thirty-six tons, &c. but not admitting such estimate to be exact; and it is an obligation to convey and deliver such parcel, consisting of the boxes, crates or other packages, as identified by the marks and numbers specified in the margin. The bill of lading appears to have been drawn in the usual form, probably by a clerk in the merchant's counting house; and when presented to the master, he added the words " weight unknown," before signing it. Being accepted in that form by the shipper and thereby assented to, it becomes an essential part of their contract. The ship-owners therefore are not liable for the defi· ciency. *Judgment for the plaintiffs.*