## SOUTH-WESTERN RAILROAD CO. vs. WEBB.

[ACTION AGAINST COMMON CARRIER FOR FAILURE TO DELIVER COTTON RECEIVED
FOR TRANSPORTATION.]

1. *Common carriers; what are.*—Under the laws of Alabama, railroad companies are common carriers, and subject to all the liabilities of such carriers. Where suit is brought in this State against a common carrier for failure to deliver freight received for transportation, (under contract made and to be performed wholly in another State,) it will be presumed, in the absence of proof to the contrary, that the common law, as to common carriers, prevailed in the State where such contract was entered into and was to be performed. .

2. *Same; when not liable for failure to deliver goods, &c.*—In an action against a railroad company for failure to deliver cotton received by it for transportation, &c., it is not liable for cotton stolen or lost after a deposit on a platform at a station-house, unless it be shown that the railroad company or its agents had notice of the deposit and received the cotton for transportation as a common carrier.

3. *Same; delivery a question of fact.*—In such an action, it is a question of fact to be determined (under appropriate instructions from the court) by the jury from all the evidence, whether or not there was a *delivery* to the carrier for transportation.

APPEAL from the City Court of Eufaula.

Tried before Hon. E. M. KEILS.

This was an action brought by appellee, against the appellant, to recover damages for its failure to deliver three bales of cotton, received and accepted by it as a common carrier, for transportation, &c.

The evidence offered tends to show that the plaintiff, by his agent, the wagoner who hauled his cotton to the railroad depot, informed the railroad agent, at the depot to which the cotton was carried to be shipped, that he had some nine bales of cotton which he wished shipped .at that particular station, which was in the State of Georgia, and sent to Macon in that State. Four bales were first sent. These were received by the agent in charge of the depot,

37

by delivery on the platform at the station, and were properly sent forward as required by the shipper. Some time after this, two other bales were sent and delivered in the same way to the agent of the railroad company on the platform as before, and these bales were also properly forwarded and reached their destination. Then, after some delay, three additional bales of cotton were sent to the depot as before. They reached there about noon. The receiving house of the company was closed, and there was no agent there to receive the cotton. The wagoner who brought the cotton put it on the railroad platform, as he had done the other bales that had been brought before, and left it there, without seeing the railroad agent or any one about it, and without giving any instructions about its shipment or safekeeping. Shortly after its deposit on the platform, it was stolen, and lost to the owner, the appellee. There was some other evidence as to the instructions of the railroad company to its agents as to giving receipts upon shipments, and which tended to show a denial on the part of the agent of the company that the cotton had been delivered to him for shipment, or that he had any notice of its delivery on the platform until after it had been stolen.

This was substantially all the evidence.

After the court had given several charges, at the request of the plaintiff, the defendant requested in writing, among other charges, the following:

"1st. The plaintiff is not entitled to recover in this action, unless the evidence satisfies the jury that the cotton alleged to have been lost was delivered to the defendant, or its duly authorized agent, who accepted and received the cotton for transportation."

"6th. That the delivery of the three bales of cotton to the railroad company is a question of fact to be judged of by the jury, from all the evidence with reference to all the circumstances of the case, and the usual course of business in similar transactions at the same place, with the same company."

"7th. That if, from all the evidence in the case, the jury

believe that the delivery of the three bales of cotton, and notice of the same, were not made and given in the usual course of business in similar transactions at the same place, and with the same company, then the plaintiff can not recover in this action."

The refusal to give these charges, (as well as the rulings upon other matters not material to an understanding of the case,) is now assigned for error.

SHORTER & BROTHER, for appellant.

JOHN COCHRAN, *contra.*

PETERS, J.—It is now too well settled in this State to admit of question, that railroad companies are common carriers, and as such, that they are amenable to the liabilities imposed by the law applicable to common carriers, as the same is administered in this State.—*Selma & Meridian R. R. Co. v. Butts & Foster,* 43 Ala. R. 385; Jeremy's Law of Carriers, 4, chap. 1; Redf. on Car. p. 27, chap. 3, § 37, and the numerous authorities cited in the notes. There is no question made in this court as to the place of making the contract of transportation, or undertaking the duty to transport. The proceeding will, then, be treated as a transaction governed by the common law applicable to common carriers. The suit here is against the corporation only as a common carrier, and not as a warehouse keeper or a common bailee of goods and chattels delivered, to be kept safely for shipment. And the dominant question in the case is, when does the liability of the railroad company for transportation of goods and other articles to be carried on this road begin? Certainly, just where that of any other common carrier's liability would begin; that is, as soon as the goods are delivered and received for transportation.—*Marriam v. Hartford and New Haven R. R. Co.,* 20 Conn. 354; S. C., 2 Amer. Railway Cas. 135; Story on Bailm. p. 537, § 532; see, also, *Hannibal Railroad v. Swift,* 12 Wall. 262. In this State, under our statute, there is a duty imposed by law on the carrier to give "*a receipt*" for the article delivered for transportation.—Rev. Code, § 1883.

The goods or articles to be carried must be delivered for transportation, before the liability for their loss or injury, or for a failure to forward them in due course of transportation, is incurred. In this case, the cotton was lost before the actual transportation was commenced. The question, then, upon which the cause is to be determined in its present shape, is this: Was there a delivery of the cotton lost, *for transportation,* to the railroad company, or its agent, before the loss? If there was such delivery for transportation, then the company are liable; if there was not, then the company are not liable as common carriers. Whether there was such a delivery or not, is a matter of fact, and it must be determined by the jury. Governed by this exposition of the law, the learned judge in the court below erred in refusing to give the *first, sixth* and *seventh* charges asked by the defendant on the trial before the jury. It is, nevertheless, contended by the learned counsel for the appellee, that there should be no reversal in this case, even if there has been error in the action of the court below; because, I suppose, he presumes that all the evidence delivered to the jury on the trial is set out in the bill of exceptions, and this shows, taken as a whole, that the plaintiff ought to have recovered. This may be true, as the case was presented to the jury on the trial. But we have seen that that presentation was inaccurate, in failing to bring to the attention and consideration of the jury the law of the whole case. The refusal to charge that a delivery for transportation was necessary to bind the defendant, sanctioned a finding against the corporation without such proof; which was erroneous. And this error is of such a character that it may have defeated the defense, when it should have prevailed, upon a proper presentation of the law on both sides. It would have been improper for the court below to have charged the jury, that if they believed the evidence they must find for the plaintiff. Such a charge would have been an invasion of the province of the jury. It would have made the verdict, in truth, the verdict of the court, regardless of the jury. This is error.—*Battle v. Weems,* 44 Ala.

105. If this court should affirm such a judgment, it would ignore the jury altogether.

I purposely omit to discuss the other charges given and refused in the court below, as what has already been said will enable the court, upon a new trial, to charge the law correctly. And nothing is intended to be declared as to what facts will prove a delivery for transportation.

The judgment of the court below is reversed, and the cause is remanded for a new trial.