# Louisville & Nashville Railroad Co. v. Echols.

*Action against Carrier of Goods.*

1. *Burden of proof of shipment of goods on party alleging it.*—In an action against a common carrier for the value of goods alleged to have been delivered to it for shipment, the burden of proving that the goods were received by the carrier for shipment, is on the plaintiff, and failing to establish such receipt, he cannot recover.

APPEAL from City Court of Decatur.
Tried before W. R. FRANCIS, ESQ., Special Judge.
Action by W. V. Echols against the Louisville & Nashville Railroad Co., to recover the value of one bale of cotton alleged to have been received by it for shipment.

[Louisville & Nashville Railroad Co. v. Echols.]

BRICKELL, HARRIS & EYSTER, for appellant.

WERT & SPEAKE, for appellee.

HARALSON, J.—The undisputed facts of the case are, that appellee, was engaged, on the 11 October, 1888, in buying, selling and shipping cotton, at Hartselle, Alabama; that he caused to be placed that day, on the shipping platform of appellant, eighty bales of cotton, one bale of which, the subject matter of this suit, was marked E., and numbered 241, the weight and price of which was admitted, and during the night of that day, this bale of cotton was lost or stolen, and next morning, there were only seventy-nine bales remaining.

The contention on the part of the appellee is, that he delivered the cotton to the appellant, late in the afternoon of the 11th October, to be shipped to parties in Memphis, and this bale was lost, after it was delivered to appellant for shipment. The appellant on the other hand, contends that none of the cotton was delivered until the morning of the 12th of October.

Whether the cotton was delivered on the 11th of October or not, depends, upon the facts of this case, whether the shipping directions for the cotton were given by the appellee, on that, or the following day, for it is conceded, that there was no delivery, until these were given.

The cotton was placed on the shipping platform of the railroad company, on the 11th of October, without its consent, and it is not claimed by appellee, that being placed there, under such circumstances, amounted to a delivery for shipment. We are brought, then, to the question, as determinative of the cause. When were shipping orders given by appellee? If on the 11th of October, he is entitled to recover, and if no such orders were given, on that day, on the facts of the cause, as here developed, the defendant, never having had the cotton in charge, is not responsible for its loss.

There was a rule of the railroad company, with which it is shown the appellee was acquainted, which did not allow cotton to remain on the shipping platform, over night, without written directions for its shipment, given by its owner to the company. There was another platform, on which cotton, not designed for shipment, was allowed to be placed.

The appellee testified, that the company had several times permitted him to place his cotton on the shipping platform, and to keep it there, over night, without giving shipping

orders, or receiving bills of lading for it, and cotton so left was frequently shipped on verbal instructions, which were reduced to writing and delivered, the next day.  He further testified, that about 5 o'clock of the afternoon of the 11th of October, he talked with A. A. Odon, the agent of the railroad company, and told him he would let him know, soon, whether he would ship his cotton or not; that he desired to sell it to a cotton buyer, who was there, if he could, and if he could not sell it, he desired to ship it, and would let him know in a few minutes; and, in that interview, he asked Mr. Odon, to allow the cotton to stay on the shipping platform till next morning, without giving shipping orders, as he desired to sell, there, if he could, and Odon told him, it was against the rules of the company to allow it to be done unless it was to be shipped, and he must remove it, unless he gave orders for its shipment; that he did not effect a sale, and he went to the railroad office, to see Mr. Odon, but he was not there, and he did not see him, again, that day, but, he gave shipping directions to S. M. Rhea, the assistant agent, handing him at the time. a written memorandum of the cotton, and told him to ship it to Hill, Fountain & Co., of Memphis, and Rhea told. him they had no cars, after which, he went home and did not return, before 8 or 9 o'clock, next morning, when Rhea came and reported to him, the loss of the bale of cotton.

Witness, W. A. Boyer, testified, that he was in plaintiff's employment, had been working with the cotton, on the 11th of October, and saw Odon and Rhea on the platform the next day, at what hour he does not say, checking up the cotton and looking for the missing bale.

On this evidence, without more, the delivery to the company of the bale of cotton, and its liability for it, would sufficiently appear.  Has the case, as thus presented by the appellee, been overcome by the appellant?

S. H. Rhea, the assistant agent of the railroad company, testified that on the morning of the 12th of October, the appellee gave directions to ship said cotton, and he gave no directions on the 11th of October to ship it; that he saw appellee and Odon talking together, near the depot, late on the evening of the 11th, and he did not see appellee afterwards, till next day, and he was not in the company's office, that afternoon, after he saw him talking with Odon; and as soon as they got shipping orders from appellee, on the morning of the 12th, he and Odon commenced to check up the cotton, and found one bale missing.  He further swore, that sometimes they shipped cotton on verbal instructions,

but they never shipped as large lots as this, of appellee's, without written instructions.

A. A. Odon, the agent, testified, that late in the afternoon of the 11th after the close of business hours, he hailed the appellee near the depot, and asked him, if he desired to ship the cotton, then on the shipping platform, and he said, no, he desired to sell it, and thought he could sell it, if he could hold it till next day. If he did not sell it, then he would give shipping orders, and at appellee's request, witness allowed his cotton to remain on the platform, that night, for his accommodation, as he expected to make sale of it, the next day; and this was the only instance when cotton had been allowed to remain on the platform, over night, without written shipping directions, and it was allowed to remain there, as he stated, for appellee's accommodation, and save him from rolling it off; that if appellee had given the directions to ship, on the 11th, he could have shipped the cotton, that night, on the local freight.

This witness further testified, that he did not receive instructions from appellee to ship this cotton, until about 11 o'clock, on the morning of the 12th October, and he produced, proved and read a written order, signed by appellee, directing the shipment of the 80 bales of cotton, including this lost bale, to Memphis merchants; that appellee gave him this order, about 11 o'clock, on the morning of the 12th October, and he had received no order besides this one from appellee, to ship the cotton, and as soon as he received it, he and Rhea commenced to check it up, and found the bale, No. 241, missing.

The appellee, in rebuttal, stated, that he had given the written order read in evidence by Mr. Odon, on the 12th October, but that he had said to Mr. Rhea, on the evening of the 11th, after his conversation with Mr. Odon, to ship the cotton to Hill, Fountain & Co.

This was substantially all the evidence in the case, and the court, a jury having been waived, rendered judgment for the appellee, for the value of the missing bale of cotton.

In this, the court erred. The burden was on the plaintiff, to make out his case, by a preponderance of the evidence, but, instead of doing so, the preponderance was on the other side. He swore he gave the shipping orders, on the 11th. The other witnesses, Odon and Rhea, swore he did not, but gave them on the next day.

It is unnecessary to consider the other assignments of error. The case is reversed and judgment here rendered for appellant.

Reversed and rendered.