ISRAEL SHORE *vs.* THE NEW YORK, NEW HAVEN AND HARTFORD RAILROAD COMPANY.

Third Judicial District, Bridgeport, April Term, 1923.
WHEELER, C. J., BEACH, CURTIS, BURPEE and KEELER, Js.

Proof that goods were delivered to a railroad company for transportation is essential to establish its liability for nondelivery to the consignee. Ordinarily this is shown, prima facie at least, by the bill of lading, but if that expressly states that the contents of the box or package is unknown to the carrier, and no evidence of its contents is given by the plaintiff—as in the present case—the court is without adequate proof of the delivery of any goods to the carrier, and therefore a judgment in favor of the plaintiff consignor is erroneous.

In the present case a firm in Philadelphia delivered to a railroad company there a box described by the firm as a "box of shirts," consigned to the plaintiff at Stamford; upon its arrival in Stamford the plaintiff at once returned it to the defendant, consigned to the Philadelphia firm, but it was never delivered to them and the plaintiff sued the defendant for its loss. The bill of lading contained this clause: "The property described below in apparent good order, except as noted (contents and condition of contents of package unknown) . . . 1 box shirts." *Held* that the specification "1 box shirts" imported no more than that the box purported to contain shirts, but that its actual contents were unknown to the defendant; that this qualification was a reasonable and fair regulation; and that inasmuch as no evidence whatever was presented as to what the box did in fact contain, no basis existed for a judgement against the defendant.

Submitted on briefs April 13th—decided June 1st, 1923.

ACTION to recover damages for the loss of goods alleged to have been delivered to the defendant for transportation as a common carrier, brought to and tried by the Court of Common Pleas in Fairfield County, *Walsh, J.;* facts found and judgment rendered for the plaintiff for $119, and appeal by the defendant. *Error and new trial ordered.*

Sweet, Orr and Company delivered to a railroad company in Philadelphia, a box described by them as a box of shirts, consigned to the plaintiff at Stamford, and the railroad company thereafter delivered this box to the defendant for transportation over its own lines for the latter portion of its route. It did not appear upon the trial that the railroad at Philadelphia, or the defendant, ever had any personal knowledge, as a result of its own inspection, of the contents of the box or the condition thereof. The defendant notified the plaintiff of the arrival of the box, and the plaintiff secured possession of it and carried it from the defendant's delivery platform to its receiving platform, and delivered it to defendant for transportation to Philadelphia, consigned to Sweet, Orr and Company. At all times neither the plaintiff nor defendant had any actual knowledge of the contents of the box, and at all times the box was tightly and securely closed and the contents thereof were hidden from view. The defendant, upon receipt of the box from the plaintiff, delivered to the plaintiff a bill of lading, which recited: "The property described below in apparent good order, except as noted (contents and condition of contents of packages unknown). . . 1 box shirts." The defendant transported the box, in the same condition in which it was received from the plaintiff, to Elizabethport, New Jersey, where it delivered the same to the Central Railroad of New Jersey. The shipment of the box of shirts was never

delivered to the consignee, and the plaintiff made claim to the defendant for the loss of the same.

*James W. Carpenter,* for the appellant (defendant).

*Abraham Wofsey,* for the appellee (plaintiff).

WHEELER, C. J. To support this action against the defendant, a common carrier of goods, the plaintiff must have established (1) the delivery of the goods to the carrier; (2) the undertaking on its part to transport them to the named consignee; and (3) the breach of its contract by the defendant through its failure to deliver the goods to the consignee. The finding fails to show the fact of the delivery of the goods to the defendant; all that it shows is the delivery to the defendant of a box purporting to contain shirts. "The law is well settled that until the goods to be carried are delivered for immediate transportation, the receiver does not hold them in the capacity of common carrier. His liability in that capacity commences upon the complete delivery of the goods for immediate transportation." *Turner Co.* v. *New York, N. H. & H. R. Co.,* 86 Conn. 71, 78, 84 Atl. 298. "If no goods are actually received, there can be no valid contract to carry or to deliver." *Pollard* v. *Vinton,* 105 U. S. 7, 8; *St. Louis, I. M. & S. Ry. Co.* v. *Knight,* 122 U. S. 79, 7 Sup. Ct. 1132.

The plaintiff relies upon the bill of lading as prima facie evidence of the receipt of the goods. Unexplained or uncontradicted, that proof would be sufficient to establish delivery, if the bill of lading delivered by the defendant to the plaintiff recited an absolute delivery without qualification as to quantity, condition or contents of box. "It is nowhere questioned that a bill of lading is prima facie evidence of the receipt

of the goods by the carrier. . . . But such recitals are not conclusive, and it may be shown by parol evidence that none of the goods, or only a part of the goods, described in the bill of lading were in fact received." 10 Corpus Juris, p. 199; *Pittsburg, C., C. & St. L. Ry. Co.* v. *American Tobacco Co.,* 126 Ky. 582, 104 S. W. 377.

But this bill of lading does qualify the receipt of the box by its recital, "The property described below [1 box shirts] in apparent good order, except as noted (contents and condition of contents of packages unknown)." This constituted an express limitation upon the contract of carriage to the goods actually received. *St. Louis, I. M. &. S. Ry. Co.* v. *Knight, supra; Miller* v. *Hannibal & St. J. R. Co.,* 90 N. Y. 430; 1 Hutchinson on Carriers (3d Ed.) § 165. The specification of the "1 box shirts," imported no more than that the box purported to contain shirts, but that its actual contents were to the defendant unknown. *Miller* v. *Hannibal & St. J. R. Co.,* 90 N. Y. 430, 432. The qualification of this bill of lading was a reasonable and fair regulation, since ordinarily it would be difficult for both shipper and carrier to have the carrier examine the contents of the box. It was still necessary for the plaintiff shipper to show that he in fact delivered the goods to the defendant for which he sues.

The point was conclusively determined in *Mears* v. *New York, N. H. & H. R. Co.,* 75 Conn. 171, 175, 52 Atl. 610, where the plaintiffs sued to recover damages for injury to a piano shipped by the defendant carrier. In its opinion the court said: "The plaintiffs' request for a charge that the shipping receipt raised a presumption that the piano was delivered at Waltham in good condition, was properly refused. Being boxed, the description of the goods received 'as in apparent good order, except as noted (contents and condition

of contents of package unknown)', could only have referred to the condition of the exterior of the box. There was error in the refusal to instruct the jury that the 'clear' receipt, given by the express company at New Haven, was not conclusive, and that the plaintiffs could nevertheless show by other evidence that the piano was then wet and damaged. Such a receipt by a consignee is a mere piece of evidence, and does not necessarily preclude him from afterwards proving what was really the fact."

Chief Justice Shaw expressed the opinion of the court in *Shepherd* v. *Naylor*, 71 Mass. (5 Gray) 591, 592, in this manner: "In general, the interior condition of the goods, packed as usual, and necessarily so, for shipping, cannot be known to the shipmaster receiving them for carriage, and therefore the words 'in good order and condition' must be limited to their apparently good order and external condition."

The appearance of the box when the defendant delivered it to the plaintiff and he in turn delivered it back to the defendant, and when it was received by the railroad in Philadelphia, indicated that it was "securely and tightly closed." From this fact and the character of the package, the court would have been justified in concluding that the box when delivered to the defendant by the plaintiff was in the same condition as when delivered by Sweet, Orr and Company to the railroad in Philadelphia. It was therefore necessary for the plaintiff, since he had no means of proving the contents of the box at the time of delivery to the defendant, to show its contents at the time of delivery to the railroad at Philadelphia. No facts are found by the trial court as to the contents of this box at the time of the delivery of the box to the defendant, or its delivery to the railroad at Philadelphia, and no facts are found from which an inference might be drawn as to

the contents of this box. Failing to prove the contents of the box when delivered to the defendant, or to the railroad at Philadelphia, the plaintiff might have relied upon proof of the contents of the box when it left the possession of Sweet, Orr and Company, and supplemented this by proof that the condition of the box remained the same when it was delivered to the railroad at Philadelphia, and of the fact that thereafter its condition did not change. In either of these ways the plaintiff could have met its burden of proving the delivery of the goods to the defendant, for whose loss he sues. *Michellod* v. *Oregon-Washington R. & N. Co.*, 86 Ore. 329, 340, 168 Pac. 620, 623; *Cunard Steamship Co.* v. *Kelley*, 53 C. C. A. 310, 115 Fed. 678; *Louisville & N. R. Co.* v. *Echols,.* 97 Ala. 556, 12 So. 304; 4 Elliott on Railroads (3d Ed.) § 2125.

The finding of the trial court does not support the court's conclusion that there had been adequate proof of the contents of the box when delivered to the defendant, and hence the judgment is erroneous.

There is error and a new trial is ordered.

In this opinion the other judges concurred.