(105 So. 890)

## LOUISVILLE & N. R. CO. v. LONG.
### (1 Div. 381.)

(Supreme Court of Alabama.   Oct. 15, 1925. Rehearing Denied Nov. 12, 1925.)

**1. Carriers ⬅113—Carrier is not liable for loss of goods until after delivery for transportation.**

Before liability attaches to carrier for loss of goods they must have been delivered to carrier for transportation.

**2. Carriers ⬅136—Railroad company held not entitled to affirmative charge in action for loss of car of lumber.**

Where plaintiff's evidence tended to establish car of lumber was placed on side track of railroad company with knowledge on part of railroad company's agent, according to usual custom, and car was ready for shipment without further activity on part of shipper, it was *held* that railroad company was not entitled to affirmative charge in action for loss of same by fire.

**3. Appeal and error ⬅989—Court only deals with sufficiency of evidence in question of giving affirmative charge.**

On question of giving affirmative charge, appellate court will consider only sufficiency of evidence for submission to jury.

**4. Carriers ⬅137—Instruction in action for recovery for loss of car of lumber relative to whether shipping instructions had been given held proper.**

In action for loss by fire of car of lumber, delivered on side track of defendant, according to usual custom, under conflicting evidence as to whether shipping instruction had been given, charge that if jury believed defendant's agent had been instructed where car was to be shipped before its delivery on side track, and that car was delivered on side track, that they should find for plaintiff, *held* proper.

**5. Trial ⬅253(8)—Instruction in action for recovery for loss of car of lumber, relative to custom as to shipping without instructions from plaintiff, held properly refused.**

In action to recover for loss by fire of car of lumber, delivered on side track of defendant according to usual custom, in view of conflict in evidence as to whether shipping instructions had been given, requested charge, that if jury did not believe from evidence that it was custom for defendant's agent to ship cars coming from plaintiff's mill without further instructions, that they could not find for plaintiff, *held* properly refused, as ignoring testimony as to specific shipping instructions for car in suit.

Appeal from Circuit Court, Monroe County; John D. Leigh, Judge.

Action by J. Frank Long against the Louisville & Nashville Railroad Company. From a judgment for plaintiff, defendant appeals. Transferred from Court of Appeals under Code 1923, § 7326. Affirmed.

Charge A, given for plaintiff, is as follows:

"The court charges the jury that if you are reasonably satisfied from the evidence that plaintiff had instructed Mr. Moore where and to whom the car of lumber was to be shipped before its delivery on the side track at Mous, and such car was delivered on the side track of defendant, then you should find for the plaintiff."

Charge 9, refused to defendant, is as follows:

"I charge you, gentlemen of the jury, that if you are not reasonably satisfied from the evidence that it was a custom for the agent, Moore, to ship cars coming from plaintiff's mill on the Alger-Sullivan Timber Company's railroad, without further instructions from plaintiff after the loaded cars were placed on defendant's side track, you cannot find for plaintiff."

Barnett, Bugg, Lee & Jones, of Monroeville, for appellant.

The giving of charge A for plaintiff was reversible error. U. S. v. Oregon R. Co. (C. C.) 159 F. 975; Robinson v. Baltimore & O. R. Co., 129 F. 753, 64 C. C. A. 281; Platt v. Lecocq, 158 F. 723, 85 C. C. A. 621, 15 L. R. A. (N. S.) 558; 10 C. J. 64; Southeastern R. Co. v. Webb, 48 Ala. 585; Tate v. Y. & M. V. R. Co., 78 Miss. 842, 29 So. 392, 84 Am. St. Rep. 649; Merriam v. Hartford, 20 Conn. 354, 52 Am. Dec. 344. Defendant was entitled to the affirmative charge. Loveman & Co. v. A. T. & N. R. Co., 175 Ala. 316, 57 So. 817; C. of G. R. Co. v. Sigma L. Co., 170 Ala. 627, 54 So. 205, Ann. Cas. 1912D, 965; M. P. v. McFadden, 154 U. S. 155, 14 S. Ct. 990, 38 L. Ed. 944; 10 C. J. 221; O'Bannon v. So. Ex. Co., 51 Ala. 481; L. & N. v. Echols, 97 Ala. 556, 12 So. 304; A. G. S. v. Mt. Vernon Co., 84 Ala. 173, 4 So. 356. It was error to refuse defendant's requested charge 9. B. R.

L. & P. Co. v. Clark, 41 So. 829;[1] Davis v. Russell, 52 Cal. 611, 28 Am. Rep. 647.

Hybart & Hare, of Monroeville, for appellee.

Charge A was correct and properly given. Bowles v. Lowery, 181 Ala. 603, 62 So. 107; Aldrich v. Pearce, 192 Ala. 195, 68 So. 900. Defendant was not entitled to the affirmative charge. 10 C. J. 223; 4 R. C. L. 692; Montgomery, etc., v. Kolb, 73 Ala. 396, 49 Am. Rep. 54. Charge 9 is patently bad; authorities cited by appellant are inapt.

GARDNER, J. This appeal is from a judgment recovered by the appellee against the appellant, a common carrier, for the loss of a car of lumber destroyed by fire about midnight of April 16, 1923, while on the side track at Mous, a station on appellant's line of railway. The plaintiff lived at Repton, three miles from Mous, and was engaged in the operation of a sawmill on the Alger-Sullivan road, 5 or 6 miles east of Mous. Plaintiff had a "siding" on the Algernon road (to so designate it for convenience) where cars were placed for loading, and the Algernon road would bring the loaded cars to Mous to be placed on defendant's side track for shipment.

Plaintiff's testimony is to the effect that three or four days before the car was burned he gave to Moore, defendant's agent at Mous, his order for a car to be placed at his siding to be loaded for a shipment to McCreary-Alford at Neri; the car was so placed, loaded, transported to Mous, and placed on defendant's side track about 6:30 p. m.; that all of this was pursuant to the usual custom as to shipment of lumber by plaintiff over defendant's road. No bill of lading had been issued, but the custom was for defendant's agent to issue the bill of lading, and subsequently hand or mail it to plaintiff or retain it for him. The shipper was not required to sign the bill of lading at Mous, the agent himself signing for the shipper. The hour for closing the agent's office at Mous was 5:30 p. m., but the agent states that frequently if he had instructions as to shipments he would issue bills of lading as late as 8:30 p. m. The agent recalls this car being ordered by plaintiff, and being placed on the side track of defendant, saying in this connection:

"I saw the engineer deliver this car of lumber on the L. & N. Railroad Company's sidetrack. The car passed right by me that evening. * * * The car was placed on the side track of the L. & N. Railroad by the engineer where I told him to place it."

The agent insists, however, that he had not received shipping instructions, and that of course bill of lading could not be made out

before such instructions were received. Plaintiff, on the contrary, as previously stated, insisted he had given shipping instructions at the time the car was ordered, and that it was customary to give such instructions at the time the car was ordered.

Indeed, as we read and understand this record, the evidence of the parties is in entire accord, with the single exception as to whether or not shipping instructions had been given prior to the car's destruction by fire, and that it was customary to give such shipping instructions at the time the car was ordered.

[1] Before liability attaches to the carrier for the loss of goods they must have been delivered to the carrier for transportation. S. W. R. W. Co. v. Webb, 48 Ala. 585; Montgomery & Eufaula Ry. Co. v. Kolb & Hardaway, 73 Ala. 396, 49 Am. Rep. 54.

[2] From the undisputed proof the car of lumber in question was placed on the side track of defendant with knowledge on the part of defendant's agent, and according to the usual custom, and, if plaintiff's view is to be accepted, shipping instructions had been given, and according to custom the car was ready for shipment without further activity on his part. The above cited authorities are conclusive to the effect that under these circumstances the affirmative charge requested by defendant was properly refused.

There is nothing in the case of L. & N. R. R. Co. v. Echols, 97 Ala. 556, 12 So. 304, that militates against this conclusion. Not only were the facts there considered variant from those here presented, but that case dealt with the question of a preponderance of the evidence, and not that of the affirmative charge.

[3] Upon this latter question as here presented, the court is only to deal with the sufficiency of the evidence for submission to the jury for their consideration.

[4] Nor was there reversible error in giving charge A at plaintiff's request. By the use of the expression "delivered on the side track of defendant," we think a full and complete delivery was understood, which included the idea of such delivery with notice or knowledge of defendant's agent. If the charge had a misleading tendency in this respect, it could readily have been corrected by explanatory charges; but the jury were clearly not misled thereby. The court in its oral charge and in several written charges, given at defendant's request, explicitly instructed the jury that the mere placing of the car upon the side track did not constitute an acceptance by defendant for shipment, and that the evidence must show an acceptance for shipment, and that plaintiff "made an unconditional delivery of the car of lumber to defendant."

It was also without dispute, and admitted by defendant's agent, that the car was or-

---

[1] Reported in full in the Southern Reporter; not reported in full in 148 Ala. 673.

dered by plaintiff, and that he, the agent, knew it was placed on the side track pursuant to his direction. Charge A therefore hypothesized the only question of fact in dispute; that is, whether shipping instructions had been given before its delivery on the side track.

[5] Charge 9, refused to defendant, ignores the testimony of plaintiff that he had in fact given shipping instructions as to this particular car prior to its delivery on the side track. Its refusal was not error.

We have here treated the questions assigned and argued, and find no reversible error.

Let the judgment be affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.