ANDREW R. PHAIR
*vs.*
GRAVES & HEMMES, INC. ET AL.

Superior Court        Litchfield County        File No. 9935

MEMORANDUM FILED JUNE 10, 1942.

*Ulysses G. Church,* and *Michael J. Galullo,* of Waterbury, for the Plaintiff.

*John H. Cassidy,* and *Carmody, Larkin & Torrance,* of Waterbury, and *Blodgett, Schaefer & Ells,* of Winsted, for the Defendants.

McEVOY, J.   In this action the plaintiff seeks to recover damages from the general contractor, Graves & Hemmes, Inc., who contracted with him to erect a building for the plaintiff; from the architect, Scheide, Browne & Wilkins, Inc., and Frank P. Goodwin, doing business as the Frank P. Goodwin Company.

Taking these matters in their reverse order:

Goodwin, doing business as the Goodwin Company, agreed to and did lay the tile floor upon a wooden floor which was laid by the defendant, Graves & Hemmes, Inc., the general contractor.

Goodwin placed his phase of the work in the hands of and under the direction of an experienced, competent foreman, who, on behalf of Goodwin, used reasonable care in the inspection and performance of the tile laying.   No blame may reasonably be found to have attached to Goodwin or to his work.

At and prior to the laying of the tile floor by Goodwin, reasonable inspection was made by Goodwin's agent and servant and Goodwin's work was done in accordance with his contract and with good practice.

After the tile floor was laid the wooden sub-floor gradually left its original position and side-curled, warped and end-curled.

This result was due to the failure of the general contractor, Graves & Hemmes, Inc., to lay the sub-floor in accordance with its contract with the plaintiff.

The failure of the defendant, Graves & Hemmes, Inc., could and should have been discerned and reasonably discovered by the defendant architect, Scheide, Browne & Wilkins, Inc., who did not reasonably require a fair adherence to the terms of the contract, including the plans and specifications, by the general contractor and did not reasonably supervise and inspect the work of the general contractor as it progressed.

Although the architect now claims that its agreed fee, with the plaintiff, was six per cent of the contract price of the building, the whole evidence establishes that the agreed price to be paid by the plaintiff to the architect was six per cent of $25,000, and it is so found.

The plaintiff is entitled to recover damages from the general contractor and from the architect.

The whole evidence, including a careful view of the premises made at the request of all the parties by the trial court, makes ascertainment of the facts reasonably feasible.

In its present condition the tile floor is of no value to the plaintiff. It and the sub-floor must be taken up and a new sub-floor and covering must be installed.

The plaintiff is entitled to recover from the general contractor and from the architect the amount that it would have cost the plaintiff to have replaced that sub-floor and its covering within a reasonable time after its defective condition could, in the exercise of care, have been discovered and detected. ·

The deterioration of the floor and its covering, was progressive and was not immediately susceptible of discovery and detection.

In paragraph 15 of the complaint, the plaintiff has alleged two general items of damage to him: The first, for the amount it would cost "to remedy said defect" and, the second, for the injury to the plaintiff's business during the time of that reconstruction.

Upon the evidence it is difficult to ascertain the amount of the second item—that is, the injury to the business during the reconstruction.

The estimate of the cost of the removal of the present tile floor and the underfloor and the replacing of both of these items in accordance with the contract appears on Exhibit 1 of the defendant, general contractor, to be $1,720.45 as of January 24, 1942. There was credible evidence that it would have cost 15 per cent less to have done this estimated work during the year 1938.

It is found that the real defect was evident and reasonably discernible and discoverable on August 1, 1938.

The issues are found in favor of the defendant, Frank P. Goodwin, and for him to recover his costs.

Upon all of the pleadings the issues are found in favor of the plaintiff against the defendants, Graves & Hemmes, Inc., and Scheide, Browne & Wilkins, Inc., and for the plaintiff to recover of these named defendants the sum of $1,462.38 (which is the amount of the estimate $1,720.45, less 15 per cent), with interest on $1,462.38 from August 1, 1938, to the date of this judgment.

Counsel will, no doubt, be in disagreement as to the applicable rule of law as to the estimate of damages. If so, counsel should, without delay, file, in triplicate, with the clerk of this court, their claims of law with supporting citations so that the matter of damages may be carefully considered before the definite entry of judgment.

Judgment may enter accordingly.