WELLS LAUNDRY AND LINEN SUPPLY COMPANY, INC. *v.* ACME FAST FREIGHT, INC.

BROWN, C. J., JENNINGS, BALDWIN, INGLIS and O'SULLIVAN, Js.

Argued November 13, 1951—decided January 8, 1952

*Samuel M. Gordon,* for the appellant (defendant).

*Arthur Klein,* with whom, on the brief, was *Frederic M. Klein,* for the appellee (plaintiff).

Inglis, J. This action was brought to recover for damage done to a large washing machine while it was being transported by a common carrier. In spite of the fact that the defendant assigned error in fifteen of a total of eighteen paragraphs of the finding of subordinate facts and in the refusal to find twenty-seven paragraphs of the draft finding, it is apparent that the finding as made is amply justified by the evidence and must stand. As we have frequently said, such a wholesale attack on a finding seldom has merit. In this case it was unjustified.

The material facts found are the following: The plaintiff purchased from the Ellis Drier Company a steam power machine for washing laundry manufactured by the American Laundry Machine Company. The washer had been reconditioned in the Chicago factory of the Ellis Company. It weighed 11,300 pounds and was a cylinder type machine. The cylinder, measuring 48 inches in diameter and 10 feet 6 inches in length, rested on three saddles, each of which was supported by a pair of cast iron legs. The use of

cast iron for the legs is in accordance with standard practice and it is the best metal for that purpose. The Ellis Drier Company crated the machine properly in accordance with standard practice and sufficiently to protect it from ordinary jarring and, on March 6, 1947, delivered it to the defendant, a common carrier of goods, at Chicago for transportation to the plaintiff at Springfield, Massachusetts. The shipment was made under a uniform straight bill of lading. At the time of shipment the machine was in good condition and was so crated that, although it was partially covered by paper wrapping, the physical condition of the machine was open to inspection.

When the shipment arrived in Springfield at the freight office of the New York, New Haven and Hartford Railroad Company, the terminal carrier, it was discovered that one end of the wooden crate was cracked and that the two center legs of the machine were broken. The representative of the defendant agreed that the damage had been done in transit and recommended that new legs be fabricated and attached to the machine at the defendant's expense. The plaintiff caused the legs to be replaced and took the machine to its laundry in Springfield. It was then discovered that the cylinder of the machine had been torn away from the saddles upon which it rested and that the whole train of gears from the motor down to the various spur gears had been damaged. It was apparent that at some stage of the journey to Springfield the machine had been subjected to a collision or some very severe shock. The reasonable cost of making the necessary repairs to the washer totaled $2819.54.

The trial court concluded that the defendant did not properly perform its duty as a common carrier of carrying the machine safely and that judgment should be entered for the plaintiff to recover $2819.54 plus in-

terest thereon from March 19, 1947, the date of the arrival of the shipment at Springfield, to the date of judgment. That interest amounted to $645. Accordingly, judgment was rendered in the amount of $3464.54.

One of the principal contentions of the defendant on this appeal is that the finding that the machine was in good condition when it was delivered to the defendant is not warranted by the evidence. It is true that the burden of proof on this issue is upon the plaintiff, and this burden is not satisfied by the mere fact that the carrier has acknowledged, as it does in the standard bill of lading, that it has received the goods "in apparent good order, except as noted (contents and condition of contents of packages unknown)." *Shore* v. *New York, N. H. & H. R. Co.*, 99 Conn. 129, 131, 132, 121 A. 344; see *Dejon* v. *Smedley Co.*, 108 Conn. 659, 664, 144 A. 473. In the present case, however, in addition to the circumstantial evidence and the admission of the defendant's representative, both indicating that the damage to the washer had been done while it was in transit, there was the testimony of the sales representative of the seller that he had seen the machine in operation before it was shipped and that it was in perfect condition. This was ample to justify the finding that when delivered to the defendant the apparatus was undamaged. That having been found, and it also having been established that the machine was in a damaged condition when it arrived in Springfield, it follows that the defendant was liable unless this shipment fell within some of those classes of shipments in which the carrier is not an insurer. *Cassone* v. *New York, N. H. & H. R. Co.*, 100 Conn. 262, 272, 123 A. 280; *Mears* v. *New York, N. H. & H. R. Co.*, 75 Conn. 171, 174, 52 A. 610; 9 Am. Jur. 813, § 661, 847, § 705.

A carrier is not an insurer of goods entrusted to it as

to damage which results from the fault of the shipper, such as improper packaging of the merchandise or the failure to warn the carrier of some condition which requires special care in handling and of which the carrier cannot be presumed to be aware. *Devinne Hallenbeck Co.* v. *Autoyre Co.*, 113 Conn. 97, 100, 154 A. 170; 9 Am. Jur. 711, § 480, 865, §§ 728, 729. Nor is it an insurer against damage which results from an inherent vice of the articles shipped. *Cassone* v. *New York, N. H. & H. R. Co.*, supra, 273; *New England Fruit & Produce Co.* v. *Hines*, 97 Conn. 225, 230, 116 A. 243. In such cases, although not an insurer, the carrier still is liable if any negligence on its part has materially contributed to cause the damage. *Northwestern Marble & Tile Co.* v. *Williams*, 128 Minn. 514, 517, 151 N. W. 419; 9 Am. Jur. 818, § 664, 865, § 728. To escape liability, it is incumbent upon the carrier under the standard bill of lading to prove both that the shipment falls within one of the categories referred to and that no fault on its part contributed to cause the damage. Uniform Domestic Straight Bill of Lading, Contract Terms & Conditions, § 1(b); *New England Fruit & Produce Co.* v. *Hines*, supra; *Mears* v. *New York, N. H. & H. R. Co.*, supra.

The defendant seeks to bring this case within the classes of cases just referred to and thereby escape liability. It has not succeeded in doing so, however, because there is no finding that the shipper of the washer was at fault in failing to crate the machine properly or that any circumstances requiring special handling by the carrier existed or that there was any inherent vice in the article itself. Nor is it found that the carrier was free from negligence which contributed to cause the damage. Indeed the finding, supported by the evidence, is to the contrary on all of those mat-

ters. The trial court was correct in concluding that the defendant is liable.

The defendant also claims that it was improper for the court to include in the damages awarded the item of interest on the cost of repairing the washer. "The determination of whether or not interest is to be recognized as a proper element of damage is one to be made in view of the demands of justice rather than through the application of any arbitrary rule." *Bernhard* v. *Rochester German Ins. Co.*, 79 Conn. 388, 398, 65 A. 134. Interest is allowable upon money found to be due for damage to property if the money has been wrongfully withheld even though the amount due was unliquidated. *Campbell* v. *Rockefeller*, 134 Conn. 585, 591, 59 A. 2d 524; *Judd* v. *H. S. Coe & Co.*, 117 Conn. 510, 513, 169 A. 270; *Capitol City Lumber Co.* v. *Sudarsky*, 95 Conn. 336, 340, 111 A. 349; *New York, N. H. & H. R. Co.* v. *Ansonia Land & Water Power Co.*, 72 Conn. 703, 705, 46 A. 157. The allowance of interest was justified in the present case under the circumstances.

The assignments of error to the rulings on evidence are without merit.

Before the case was reached for trial, upon the motion of the defendant, an order was entered citing in the New York, New Haven and Hartford Railroad Company, the terminal carrier, as an additional defendant. That company appeared specially and moved to erase the process upon the ground of improper service. This motion was granted on October 21, 1949. The defendant made no move to appeal at that time but now assigns the granting of the motion as error. In this court, the railroad moved that it be dismissed as a party to this appeal or, in the alternative, that the appeal as to it abate.

The order granting the motion to erase the process

against the railroad was a final disposition of the case so far as the railroad was concerned and was a final judgment. *Norton* v. *Shore Line Electric Ry. Co.*, 84 Conn. 24, 31, 78 A. 587; *Beard's Appeal*, 64 Conn. 526, 534, 30 A. 775. Accordingly, our rules required the defendant, if it desired a review of that order by this court, to file either an appeal or a notice of appeal therefrom within two weeks. Practice Book §§ 335, 372. Having failed to do so, it has lost its right to have the claimed error considered as against the railroad. The failure to take the necessary steps to perfect an appeal in time is ground for abatement. *Klein* v. *Capitol National Bank & Trust Co.*, 124 Conn. 685, 686, 2 A. 2d 489. The appeal in so far as it affects the New York, New Haven and Hartford Railroad Company is abated.

There is no error.

In this opinion the other judges concurred.