WALTER F. RILEY *v.* RUSS BYINGTON CONSTRUCTION COMPANY, INC.

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE No. CV 1-626-2449

Argued October 28—decided December 19, 1963

*Jonathan Lovejoy,* of South Norwalk, for the appellant (defendant).

*Louis M. Altman* and *Jerome J. Rosenblum,* of Stamford, for the appellee (plaintiff).

KOSICKI, J. The plaintiff seeks to recover damages for the faulty construction of a basement which resulted in water seepage through the walls and cracks in the floor, thereby flooding the basement of the plaintiff's house. The finding of the court, with the corrections to which both parties are entitled, may be summarized as follows: On February 1, 1961, the plaintiff and the defendant entered into a written contract for the purchase by the plaintiff from the defendant of certain real property, including a completed dwelling house. The contract contained the following clause: "For a period of one year from the date of closing, the seller guarantees the basement of the premises will be free from water seepage, said guarantee to apply only under conditions of normal precipitation." Since February 1, 1961, there has been continual water seepage under conditions of normal precipitation. Cracks occurred in the concrete floor, water pressure built up behind and within the foundation blocks, and a substantial amount of water bubbled through the floor. Within one year of the date of closing, the plaintiff notified the defendant of these conditions, and on several occasions the defendant tried to cor-

rect them without success. One of the methods used was the installation of a sump pump, which did not remedy the situation. The plaintiff consulted experts in the waterproofing business, among whom was an inspector and field supervisor for Anti-hydro Waterproofing Company. Based upon his inspection of the premises and recommendations, and after its own inspection, the Biltmore Construction Company, a waterproofing contractor, on May 14, 1962, placed a reasonable estimate of $1890 for the correction of the structural defects causing the water condition. Another clause of the contract of sale provided: "Seller guarantees the workmanship and materials furnished by him for a period of twelve months from the transfer of title, that this guarantee shall survive the delivery of the deed and that in the event any defects become apparent during such period the Seller will be responsible for the correction of such defect without charge to the Buyer." The defendant offered to correct the defects in the basement at an estimated cost to the defendant of $500, provided the plaintiff released the defendant from further obligations under the guarantee, whether or not the job was successful in correcting the water condition. The proposal, both as to method of performance and the release, was unsatisfactory to the plaintiff and was rejected. This finding fully supports the conclusions of the court as to the defendant's liability.

Among the errors assigned is the refusal of the court to correct the finding by adding thereto the fact that the plaintiff had received another bid to correct the condition complained of at a cost of $1400. In the course of the trial, the defendant sought to introduce what purported to be a document containing that offer. An objection to its introduction was sustained. Without supporting proof, such a document was inadmissible. *Wofsey*

v. *New York & Stamford Ry. Co.*, 106 Conn. 254, 258. The mere statement of a dollar estimate with no evidence as to the nature of the work to be performed and its expected efficacy was meaningless. The ruling of the court was correct.

The only other claim of error we need to consider is that the court failed to apply the correct rule of damages in rendering judgment for the plaintiff. The court entered judgment in the amount of $2173.53. The amount found as compensation for the plaintiff's injury was $1890. To this amount the court added 15 percent, which represented the increase in construction costs between May 14, 1962, the date of the estimate, and February, 1963, the time of trial. The proposed construction had not been undertaken. The defendant objected to the testimony regarding increased costs and duly excepted. The ruling of the court was erroneous and, in arriving at the amount of damages, the court did not correctly apply the law.

Damages for breach of contract are awarded as compensation for the injury caused by the breach at the time the breach occurred. *Sabo* v. *Strolis,* 148 Conn. 504, 506; *Phair* v. *Graves & Hemmes, Inc.,* 10 Conn. Sup. 538, 541; *Duffy* v. *Woodcrest Builders, Inc.,* 2 Conn. Cir. Ct. 137, 143. There is no obligation resting on either party that the construction work to rectify the breach, as shown here, need be performed in the manner planned or within a certain time or to be done at all. The plaintiff is entitled to damages as nearly as they can be ascertained as of the time of the breach. These had been found to be $1890 on May 14, 1962, and this finding is not subject to correction. The inclusion of an additional 15 percent was erroneous. The plaintiff, however, in addition to the amount of damages found, is entitled to interest at the rate of 6 percent a year

from May 14, 1962, to the date of the judgment, February 13, 1963, as damages for the detention of this amount after it had become payable. General Statutes § 37-3; *Wells Laundry & Linen Supply Co.* v. *Acme Fast Freight, Inc.,* 138 Conn. 458, 463; *Campbell* v. *Rockefeller,* 134 Conn. 585, 591; *Loomis* v. *Gillett,* 75 Conn. 298, 300. By simple arithmetical calculation, the amount of interest recoverable by the plaintiff is $85.05.

There is error, the judgment is set aside and a new trial is ordered unless the plaintiff, within three weeks from the time he receives notice of the decision of this court, shall file with the clerk of Circuit Court in the first circuit at Stamford a remittitur of $198.48 of the sum awarded the plaintiff as damages; if such a remittitur is filed, judgment shall thereupon be entered as to the residue. The costs on this appeal shall, in either event, be taxed in favor of the appellant.

In this opinion PRUYN and LEVINE, Js., concurred.