PENFIELD MANUFACTURING COMPANY *v*. JOSEPH R. CHRISTONI

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE NO. CV 7-6410-5588

Argued November 27—decided December 29, 1967

*Robert P. Billings,* of Wallingford, for the appellant (defendant).

*Norman E. Hurwitz,* of New Haven, for the appellee (plaintiff).

KINMONTH, J. This action was brought to recover for damage to a large machine while it was being transported by a common carrier. In spite of the fact that the defendant assigns error in two of the eleven paragraphs of the finding of subordinate facts and in the denial of his motion to correct eleven paragraphs of the finding, it is apparent that the finding as made is amply supported by the evidence and must stand. As we have frequently said, such a wholesale attack on the finding seldom has merit. The defendant has assigned error in the court's failure to strike certain paragraphs of the finding as "not supported by the evidence adduced at the trial" and to add certain facts which were admitted or undisputed, and in the reaching of certain conclusions "not supported by the evidence adduced at the trial." This court may correct the finding only if "relevant and material facts have been found without evidence, or that such facts were admitted or undisputed and have not been found, or that facts have been found in language of doubtful meaning." Practice Book § 985. A fact is not admitted or undisputed merely because it is uncontradicted. *Mercier* v. *American Refractories & Crucible Corporation,* 151 Conn. 559, 560. Assignments specifying that the court erred in its findings and conclusions because they are not supported by the evidence adduced at the trial are far from say-

ing they were found without evidence, and are improper assignments. *Atlas* v. *Whitham*, 113 Conn. 791; Maltbie, Conn. App. Proc. § 173. As the defendant is not entitled to any changes in the finding, we can only conclude that by his last assignment he maintains that the conclusions are not supported by the subordinate facts found.

The material facts found are as follows: On June 27, 1962, the plaintiff was a manufacturer, at Meriden, Connecticut, of water treating equipment for industrial use, and the defendant was a common carrier. On that date the plaintiff hired the defendant to deliver a demineralizing machine to a customer in New Jersey and one to a customer in Pennsylvania. The machines are large and bulky and were not boxed or crated. They were loaded on the defendant's truck by plaintiff's and defendant's employees. The defendant personally supervised the chaining and securing of the machines on the truck. After inspecting the machines, the defendant signed a bill of lading which stated that the machines were received by him in apparently good order. In New Jersey, the consignee refused delivery of his unit as it was damaged. The driver then proceeded to Pennsylvania and made delivery of the second machine, after which he returned to Connecticut with the damaged machine. He was unable to testify owing to a severe illness. Both parties theorized as to what caused the damage. From these facts, the court concluded that the plaintiff had made out a prima facie case which the defendant failed successfully to rebut and that the plaintiff was entitled to recover damages since the machine was damaged in transit.

The law concerning the duties and liabilities of a common carrier are clear. A common carrier of goods is excused from liability only by an act of

God, the public enemy, faulty packaging or inherent vice. A common carrier has the duty to carry and deliver goods safely. *Lang* v. *Brady,* 73 Conn. 707. A carrier is not an insurer of goods as to damage which results from the fault of the shipper, such as improper packaging or failure of the shipper to warn the carrier of some condition which requires special handling. *Wells Laundry & Linen Supply Co.* v. *Acme Fast Freight, Inc.,* 138 Conn. 458, 461. However, while the shipper of goods has the burden of proving that the damage occurred in transit, the acknowledgment by the carrier on the bill of lading that unpackaged goods were in good condition gives rise to a prima facie case that the goods were damaged after their receipt by the carrier. *Ideal Plumbing & Heating Co.* v. *New York, N.H. & H.R. Co.,* 143 Conn. 640, 645. It is a fair inference that in order to cause the damage, the defendant's truck had been subjected to severe jolting somewhere in transit and that this jolting resulted in the damage sustained. Ibid. It follows that the defendant is liable unless this shipment fell within one of the classes of shipments as to which the carrier is not an insurer. To escape liability, it is incumbent upon the carrier under the standard bill of lading to prove both that the shipment falls within one of the categories referred to and that no fault on his part contributed to the damage. *Wells Laundry & Linen Supply Co.* v. *Acme Fast Freight, Inc.,* supra. There were no facts found which would rebut the plaintiff's prima facie case.

There was speculative evidence as to what caused the damage, and again we must say that where, as here, there is conflicting evidence, the trier determines the credibility to be given to the testimony, and its finding of fact indicating the credibility of one witness rather than another is not ground for correction of the finding. *Jarrett* v. *Jarrett,* 151

Conn. 180, 181. The defendant is merely asking this court to adopt his evaluation of the testimony rather than that of the trial court. In short, he is asking to retry the case on appeal, and that we may not do. *Setaro Motors, Inc.* v. *Intelisano,* 151 Conn. 590, 591.

There is no error.

In this opinion KOSICKI and JACOBS, Js., concurred.