## The Parrott Chemical Company *v.* St. Johnsbury Trucking Company, Inc.

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE No. CV 7-649-5354

Argued June 10—decided August 23, 1968

*Thomas W. Murrett,* of Hartford, for the appellant (defendant).

*James R. Greenfield,* of New Haven, for the appellee (plaintiff).

WISE, J. The trial court rendered judgment in this action for the plaintiff to recover from the defendant, a common carrier, for damage done to certain merchandise which had been shipped from Commack, New York, consigned to the plaintiff at Stamford, Connecticut. The defendant has appealed. Error is assigned in the court's failure to correct certain paragraphs of the finding and in its conclusions. The court did not err in refusing to correct the finding. It was the court's function to find the facts and determine the credibility of witnesses. The testimony of a witness to a fact without direct contradiction is not of itself sufficient to make a fact admitted or undisputed. *Mercier v. American Refractories & Crucible Corporation,* 151 Conn. 559, 560. There is evidence which fully supports the finding. *Taylor v. Taylor,* 154 Conn. 340, 341; *Solari v. Seperak,* 154 Conn. 179, 183; *Jarrett v. Jarrett,* 151 Conn. 180, 181. The power of this court to correct a finding is set forth in Practice Book § 985. The conditions recited therein which would warrant this court to make corrections in the finding are not present in this case. *Atlas v. Whitham,* 113 Conn. 791; Maltbie, Conn. App. Proc. § 173.

The facts found by the trial court may be summarized as follows: The plaintiff is a manufacturer of chemicals and pesticides located in Stamford, Connecticut. In November, 1963, it was engaged in doing business with S. Klein and Company, a department store in New York. Under its business arrangements with S. Klein, the plaintiff had agreed to accept the return of unsold merchandise, purchased from the plaintiff, which S. Klein had on hand at the end of the season or late fall and to give S. Klein full credit. In November, 1963, S. Klein prepared a shipment of unsold chemicals and materials for return to the plaintiff, which shipment consisted of 65 used cartons containing liquid chemi-

cals in bottles and 107 bags containing powered chemicals. Some of the cartons were closed and taped, others were open at the top with the contents in view, and some of the used cartons were stained. The used cartons contained partitions to separate the bottles. No representative of the plaintiff was at S. Klein when the shipment was prepared nor when it was picked up by the originating carrier, Jungerman and Son. The truck driver for the originating carrier, when he arrived to pick up the shipment, seeing the condition of the cartons, called his employer before accepting the shipment. In the conversation, he described the condition of the cartons and asked for advice, and was instructed to accept the shipment after retaping the cartons where necessary. He thereupon did retape some of the cartons before accepting the shipment and on further instructions wrote on the uniform bill of lading, "Recouped as is. Used boxes rattle." When the shipment was accepted and loaded on the truck of the originating carrier, it was dry and none of the cartons was leaking. The shipment was transported by the originating carrier from Commack, New York, to its terminal at Amityville, New York, a distance of thirty miles. Upon arrival at this terminal, the shipment was inspected and found to be in good order. None of the cartons was leaking and there was no leaking or evidence of leaking on the floor of the truck. When the shipment, consigned to the plaintiff, was transferred by the originating carrier to the defendant, a common carrier engaged in the business of transporting freight, it was in good order. The cartons were dry and none of the cartons was leaking. When, however, the shipment was delivered by the defendant to the plaintiff in Stamford, it was in a damaged condition. The cartons were leaking, glass containers in the cartons were broken, and the floor of the truck was

covered with materials which had leaked from the cartons, resulting in damage to the merchandise. The plaintiff allowed S. Klein a credit of $1363.44 for the merchandise damaged. The plaintiff was able to salvage some of the shipment to the value of $272.69. From these facts, the court entered judgment for the plaintiff for $1090.75, from which judgment the defendant has appealed.

The bill of lading issued by the originating carrier contained the statement, "Received—the property described below, in apparent good order, except as noted (contents and condition of contents of packages unknown) . . . ." Also noted thereon was "Recouped as is. Used boxes rattle." The principal contentions of the defendant on this appeal are that the finding that the shipment was in good condition when it was delivered to the originating carrier and to the defendant is not warranted by the evidence and that there was no reasonable basis for the conclusion that the damage was done while the shipment was in transit to Stamford. The defendant places great weight on the condition of the cartons at the time of receipt by the originating carrier and on the notations on the bill of lading. We have hereinabove held that the court did not err in refusing to correct the finding and its conclusions.

"It is true that we said by way of dictum in *Wells Laundry & Linen Supply Co.* v. *Acme Fast Freight, Inc.*, 138 Conn. 458, 461, . . . that the plaintiff's burden of proof as to the condition of goods on their delivery to the carrier 'is not satisfied by the mere fact that the carrier has acknowledged, as it does in the standard bill of lading, that it has received the goods "in apparent good order, except as noted (contents and condition of contents of packages unknown)." ' That statement should have been qualified so as to make it plain that it applied only to goods

which were so packed that any damage to them existent at the time they were received by the carrier would not have been apparent upon inspection. . . . [T]he acknowledgement by a carrier in the bill of lading that goods were received by it in apparent good order makes out a prima facie case to the effect that the goods when they were so received were undamaged in any way which would have been visible upon reasonable inspection." *Ideal Plumbing & Heating Co.* v. *New York, N.H. & H.R. Co.,* 143 Conn. 640, 644; *Shore* v. *New York, N.H. & H.R. Co.,* 99 Conn. 129, 133; *Mears* v. *New York, N.H. & H.R. Co.,* 75 Conn. 171, 175. Such a statement by a common carrier in a bill of lading raises at least a rebuttable presumption that the goods were free from any damage which would have been visible on reasonable inspection. *Ideal Plumbing & Heating Co.* v. *New York, N.H. & H.R. Co.,* supra, 643; see *Wells Laundry & Linen Supply Co.* v. *Acme Fast Freight, Inc.,* 138 Conn. 458, 461–62; *Penfield Mfg. Co.* v. *Christoni,* 5 Conn. Cir. Ct. 91; 13 Am. Jur. 2d, Carriers, § 285; 14 Am. Jur. 2d, Carriers, §§ 619, 220; note, 67 A.L.R.2d 1028, 1048 § 8.

In this case, there is no finding that S. Klein was at fault in failing to package the shipment properly, that any circumstances requiring special handling by the carrier existed, or that there was any inherent vice in the articles themselves. These are the categories under which a carrier may escape liability. The defendant has not succeeded in doing so under the facts as found. Nor is it found that the defendant was free from negligence which contributed to cause the damage. Indeed the finding, supported by the evidence, is to the contrary on all of these matters. It is to be remembered that the truck driver of the originating carrier, seeing the condition of some of the cartons, reported that fact to his employer and was advised to accept the shipment after retaping

some of the cartons. Had there been any leakage, it would have been evident and he would have reported it. Actually, he was able to see that the cartons contained bottles. In fact, he testified that there were no leaks. He had full opportunity to inspect the shipment. In the most favorable light for the defendant, all that can be said is that some of the cartons were old cartons. There was nothing in the testimony to establish or indicate that these cartons were not usable or serviceable. If they were not, the truck driver for the originating carrier would have specifically reported such a fact to his employer and the shipment would not have been accepted. The damage complained of in this case consisted of physical damage to the containers and their contents caused by external forces as distinguished from inherent forces. The nature of the damage was easily discernible at destination, and the absence of such damage at the point of origin was just as readily observable. The notation on the bill of lading relied on by the defendant can counteract the prima facie effect of the statements as to contents and condition of contents in the bill of lading only where in fact the contents and condition thereof are actually concealed from the carrier and are not observable, or the carrier is deprived of an opportunity to inspect the shipment. The bill of lading was, therefore, prima facie evidence of the good condition of the property when shipped. There were no facts found which would rebut the plaintiff's prima facie case. See *Schwalb* v. *Erie R. Co.*, 161 Misc. 743.

On the finding of subordinate facts, the trial court was amply warranted in its conclusions. *Yale University* v. *Benneson*, 147 Conn. 254, 255.

There is no error.

In this opinion KOSICKI and MACDONALD, Js., concurred.